**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES H. TYLER,<br><br>  Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF CONSUMER AND<br>REGULATORY AFFAIRS AND<br>HOUSING REGULATION<br>ADMINISTRATION,<br><br>  Defendant. | Case No. 06-01733 (JR) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant District of Columbia Department of Consumer and Regulatory Affairs and Housing Regulation Administration ("DCRA"), by and through undersigned counsel and pursuant to Fed. R. Civ. P., Rules 4 and 12(b)(6), hereby moves this Honorable Court to dismiss the plaintiff's Complaint.[1]  The Court should grant the defendant's Motion because:

1. Plaintiff fails to state a claim upon which relief can be granted;

2. Plaintiff has failed to effectuate proper service under Fed. R. Civ. P. 4 or SCR—Civil 4; and

3. DCRA is *non sui juris*.

A Memorandum of Points and Authorities is attached hereto.  Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7 (m).

Respectfully Submitted,

---

[1] Defendant DCRA does not concede personal jurisdiction by filing this motion.  Moreover, Defendant submits

1

>LINDA SINGER
>Acting Attorney General for the
>District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>____/s/Nicole Lynch_____
>NICOLE L. LYNCH [471953]
>Section Chief
>General Litigation, Section II
>
>___/s/Toni Michelle Jackson___
>TONI M. JACKSON (453765)
>Assistant Attorney General
>441 4th Street, NW, 6th Floor South
>Washington, DC 20001
>(202) 724-6602
>Fax: (202) 727-3625
>E-Mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2007, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, and simultaneously mailed a copy, first-class, postage prepaid to:

>James Tyler, *Pro Se*
>7818 Allendale Drive
>Hyattsville, MD 20785

>/s/ Toni Michelle Jackson
>ASSISTANT ATTORNEY GENERAL

that without proper service of process, there is no personal jurisdiction over it in this case.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES H. TYLER,<br><br>    Plaintiff,<br><br> v.<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF CONSUMER AND<br>REGULATORY AFFAIRS AND<br>HOUSING REGULATION<br>ADMINISTRATION,<br><br>    Defendant. | Case No. 06-01733 (JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), by and through undersigned counsel and pursuant to Fed. R. Civ. P., Rules 4 and 12(b)(6), hereby moves this Honorable Court to dismiss the plaintiff's Complaint. The Court should grant the defendant's Motion because (1) Plaintiff fails to state a claim upon which relief can be granted; (2) Plaintiff has failed to effectuate proper service under Fed. R. Civ. P. 4 or SCR—Civil 4; and (3) DCRA is *non sui juris.*

### *I. BACKGROUND*

On October 6, 2006, plaintiff filed his *pro se* Complaint against DCRA, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et. seq.,* ("Title VII") and the Age Discrimination in Employment Act of 1967, 19 U.S.C. §621 ("ADEA"). *See* Complaint, *et. seq.* Specifically, plaintiff alleges that DCRA engaged in intentional and willful discrimination when it destroyed private property located at 1343 Randolph Street, NW, Washington, D.C. on or about October 5, 2005. *Id.* at pp. 1-2. Plaintiff seeks

3

$500,000,000 as and for damages, asks that the Court vacate all fines and liens against the Randolph Street, and asks that DCRA reimburse him for his filings fees.

At the bottom of his Complaint, plaintiff certifies that he served a copy of the Complaint on an unspecified defendant by certified mail. Upon information and belief, as of the date of the filing of this Motion, no further Certificates or Affidavits of Service have been filed.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

No interpretation of the plaintiff's Complaint can lead to a claim on which relief can be granted, therefore the defendants are entitled to dismissal of the plaintiff's Complaint in its entirety.

### III. ARGUMENT

A. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

There are no allegations to support a claim of race or age discrimination in plaintiff's Complaint. To state an actionable claim, the plaintiff must demonstrate that his claim is capable of satisfying his *prima facie* burden under Title VII and ADEA. Plaintiff cannot meet this burden.

Courts analyzing Title VII cases often employ one of two burden-shifting schemes.[2] While the burden-shifting elements differ in some respects, both approaches require the plaintiff to prove that he suffered an adverse employment action. If a plaintiff cannot satisfy this element, his claim must fail, and the defendant is entitled to judgment as a matter of law. *Price Waterhouse*, 490 U.S. at 239-41; *McDonnell-Douglas*, 411 U.S. at 802.

The requirements of notice pleading do not require a plaintiff to allege facts supporting every element of his *prima facie* discrimination case. However, it is well-settled that, in order to survive dismissal under Rule 12(b)(6), a discrimination complaint must allege facts showing that the plaintiff suffered an adverse employment action. *See, e.g., Dowell v. Rubin*, 2000 U.S. App. LEXIS 15535, *4 (6th Cir. 2000) (affirming 12(b)(6) dismissal where plaintiff's allegations of discrimination failed to state an adverse

---

[2] A plaintiff alleging disparate treatment under Title VII can allege that her employer unlawfully was motivated by her gender in applying an adverse employment action, generally known as a "mixed-motives" argument. *See Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). Alternatively, she can argue that her employer's reasons for applying an adverse employment action were fabricated to hide an unlawful motivation, generally known as a "pretext" argument. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiffs

5

employment act); *Brower v. Ross Prods. Div.*, 2002 U.S. Dist. LEXIS 15678, *9 (E.D. La. 2002) (granting 12(b)(6) dismissal because plaintiff's allegations of discrimination did not constitute adverse employment act); *Torres v. City of Chicago*, 2000 U.S. Dist. LEXIS 6000, *9 (N.D. Ill. 2000) (same); *Belovics v. United Airlines, Inc.*, 1999 U.S. Dist. LEXIS 16337, *6-7 (N.D. Ill. 1999) (same).

A plaintiff also cannot survive a Rule 12(b)(6) challenge unless he has alleged facts suggesting that there was a causal relationship between his race and the alleged adverse action. *See, e.g., Molina v. L.A. County*, 58 Fed. Appx. 311, 315 (9th Cir. 2003) (affirming 12(b)(6) dismissal of discriminatory retaliation claim because plaintiff failed to allege causal connection between transfer and protected activity); *Phillips v. Public Serv. Co.*, 58 Fed. Appx. 407, 409 (10th Cir. 2003) (affirming *sua sponte* dismissal of complaint because plaintiff failed to allege that adverse act was based on discriminatory motivation); *Farrell v. Child Welfare Admin.*, 22 Fed. Appx. 65, 66 (2nd Cir. 2001) (affirming 12(b)(6) dismissal because plaintiff failed to allege a causal connection between her termination and her national origin).

In this case, plaintiff alleges that DCRA engaged in intentional and willful discrimination when it destroyed private property located at 1343 Randolph Street, NW, Washington, D.C. on or about October 5, 2005. *Id.* at pp. 1-2. Here, the very nature of the plaintiff's allegations eliminate any chance that he can recover on his discrimination claims. No amount of discovery could cure the defects to these claims, and they should be dismissed in their entirety.

---

often employ both arguments.

B. PLAINTIFF HAS FAILED TO EFFECTUATE PROPER SERVICE UNDER FED. R. CIV. P. 4 OR SCR—CIVIL 4.

According to Federal Rule of Civil Procedure, Rule 4(j)(2), service on the District of Columbia is proper "by delivering a copy of the summons and the complaint to its Chief Executive Officer," or "by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." F.R.C.P. 4(j)(2). Plaintiff failed to comply with Federal Rule 4 when he did not serve the District of Columbia's Chief Executive Officer, i.e. the Mayor.

Pursuant to Rule 4(j)(2), if the plaintiff does not deliver a copy to the Mayor, he must effect service pursuant to the District's rules governing service of process. D.C. Superior Court Rule 4(j)(1) details the requirements for service on the District of Columbia, that Rule states:

> Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee).[3]

SCR—Civil 4(j)(1)

The mandatory language of SCR—Civil 4(j) does not permit the court to exercise any discretion. The Superior Court Civil Procedure Rules are clear and unambiguous regarding who must be served in order to bring a cause of action against the District of Columbia. According to Rule 4(j), service on the Mayor is proper only if he is served personally, or service is made on an official designee of the Mayor.[4]

---

[3] Per an Executive Order dated May 26, 2004, the Office of the Corporation Counsel is now called the Office of the Attorney General.

[4] The Mayor has designated Tabatha Braxton, Arlethia Thompson, and/or Kadesha Washington to accept service of process on his behalf. (July 20, 2006 Memorandum Regarding Designation of Staff to Handle/Accept Legal Correspondence, attached hereto as Exhibit A.)

Rule 4(j) states that "[t]he Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court." SCR—Civil 4(j).  The Rules, therefore, clearly state that the Mayor can be served only if service is effectuated on the Mayor himself, or those agents listed as official designees with the Clerk.

In *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the Court of Appeals dismissed the plaintiff's complaint for failure to effect proper service of process.  In that case, "although the Complaint was mailed to the Office of the Mayor and the Office of the Corporation Counsel and signed for by employees in those respective offices, they were not, however, signed for and received by the specific employees designated to receive service of process." (*Id.* at 787.)  The Court of Appeals upheld the trial court's dismissal of the Complaint.  In so doing, it acknowledged the legitimate policy considerations behind the requirements of SCR-Civil 4(j)(1):

> As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4 (j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the Corporation … Counsel receive an enormous amount of mail. Super. Ct. Civ. R. 4 (j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination.

(*Id.* at 787.)  Accordingly, the court concluded that, since the Mayor and the Attorney General "specifically appointed someone to receive service of process pursuant to [SCR-Civil] 4(j)(1)… [t]hose designees are the only individuals upon whom process can be served." (*Id.* at 788.)

Service via certified mail is permissible under SCR—Civil 4(j), but it must comply with all other provisions of Rule 4. Therefore, pursuant to SCR—Civil 4(l), it is the plaintiff's obligation to prove that the District was served in accordance with the provisions of Rule 4(j). If service is attempted via registered or certified mail, which is permitted under SCR—Civil 4(c)(3), "the return shall be accompanied by the signed receipt attached to an affidavit." SCR—Civil 4(l)(2). According to the Rule, "if the return receipt does not purport to be signed by the party named in the summons," the affidavit also must include "specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." *Id.* Simply put, if the Mayor does not personally sign the certified return receipt, it is the plaintiff's obligation to attest to facts showing that the mailing was received by the Mayor's official designees for service of process.

Here, plaintiff has failed to properly serve the Mayor's Office, because he failed to serve the proper designees. Accordingly, the plaintiff's Complaint must be dismissed pursuant to the mandatory language in SCR-Civil 4(j).

    C.    DCRA IS *NON SUI JURIS*

As an agency within the District of Columbia Government, DCRA is *non sui juris* and cannot be a party to this lawsuit. The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." *Does I through III v. District of Columbia,* 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp. 2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable

9

entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31, n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974). The statutory powers and duties of the DCRA, set forth in D.C. Code § 1-301.01 (2003), *et seq.*, contain no provision for DCRA to be sued in its own name. Because the DCRA is not suable as a separate entity, plaintiff's lawsuit against it must be dismissed.

## IV.  CONCLUSION

Plaintiff has not pleaded sufficient facts to state a *prima facie* claim of employment discrimination under Title VII or the ADEA. Based upon the facts alleged in theComplaint, and as a matter of law, plaintiff has not plead any facts to sustain a finding that he was discriminated against by DCRA because of his race or age. Furthermore, he has not sustained an adverse employment action. As a result, defendant is entitled to a dismissal of the Complaint.

Dated: March 26, 2007.                              Respectfully submitted,

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

     /s/Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

      /s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. TYLER,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS AND HOUSING REGULATION ADMINISTRATION,<br><br>    Defendant. | Case No. 06-01733 (JR) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Upon consideration of the Defendants' Motion to Dismiss, Memorandum of Points and Authorities, any opposition thereto and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:  that the Motion is GRANTED; and it is

FURTHER ORDERED: that the plaintiff's Complaint against the Defendants District of Columbia and District of Columbia Department of Consumer and Regulatory Affairs is HEREBY DISMISSED.

_____
JUDGE JAMES ROBERTSON