UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. TYLER, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | )   C.A. No: 06-001733 (JR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby answers the plaintiff's Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The District states the following in response to the plaintiff's Complaint:

#### DISCRIMINATION COMPLAINT

#### DESTRUCTION AND DESTROYING PRIVATE PROPERTY

The allegations asserted in this section of the Complaint are legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

## JURISDICTION AND VENUE

1. The allegations asserted in paragraph 1 of this section are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 1, but does not admit that jurisdiction or venue are necessarily conferred therefrom or that they apply to plaintiff.

2. The allegations asserted in paragraph 2 of this section are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 2, but does not admit that jurisdiction is necessarily conferred therefrom.

3. The allegations asserted in paragraph 3 of this section are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 3, but does not admit that jurisdiction or venue are necessarily conferred therefrom.

4. The allegations asserted in paragraph 4 of this section are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 4, but does not admit that jurisdiction or venue are necessarily conferred therefrom.

5. The allegations asserted in paragraph 5 of this section are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 5, but does not admit that jurisdiction or venue are necessarily conferred therefrom.

### PLAINTIFF'S COMPLAINT

6. The District is without sufficient information to admit or deny the factual allegations contained in this section of plaintiff's Complaint.

### RELIEF I WANT THIS COURT TO ORDER

7. This section of plaintiff's Complaint, and its subparts, consists of a prayer for relief to which no response is required.

### THIRD DEFENSE

The statutes cited by plaintiff may not apply because he is not employed by the District of Columbia.

### FOURTH DEFENSE

Plaintiff might have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

### FIFTH DEFENSE

Plaintiff might have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

### SIXTH DEFENSE

Plaintiff's EEOC claims were not filed in a timely fashion.

### SEVENTH DEFENSE

The Complaint might not have been filed in a timely fashion.

### EIGHTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct or contributory negligence.

### NINTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by his own willful conduct.

### NINTH DEFENSE

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### TENTH DEFENSE

Plaintiff has failed to mitigate any damages that he may have incurred.

### ELEVENTH DEFENSE

Plaintiff might have failed to meet the applicable statute of limitations.

### TWELFTH DEFENSE

This action may be barred by the doctrine of laches and/or unclean hands.

### THIRTEENTH DEFENSE

The District had, and the plaintiff was given notice of, the District's policies and procedures for preventing and reporting racial discrimination.

**THE DISTRICT** reserves the right to Amend its Answer.

### REQUEST AND DEMAND FOR JURY TRIAL

The District, by and through its counsel, respectfully requests a jury trial in this matter.

### SET-OFF

The District asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

4

WHEREFORE, the District prays the Court will dismiss the Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/Nicole L. Lynch
    NICOLE L. LYNCH (471953)
    Chief, General Litigation Section II

    /s/Toni Michelle Jackson
    TONI MICHELLE JACKSON (453765)
    Assistant Attorney General
    441 Fourth Street, N.W., Suite 6S052
    Washington, D.C. 20001
    (202) 724-6602
    (202) 727-3625 (fax)
    E-mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2007, I electronically filed the foregoing **DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, and simultaneously mailed a copy, first-class, postage prepaid to:

    James Tyler, *Pro Se*
    7818 Allendale Drive
    Hyattsville, MD 20785

    /s/ Toni Michelle Jackson
    ASSISTANT ATTORNEY GENERAL