## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES H. TYLER,

               Plaintiff,

       v.

DISTRICT OF COLUMBIA,

             Defendant.

Case No. 06-01733 (JR)

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The District of Columbia ("District"), through undersigned counsel and pursuant to Fed. R. Civ. P. 56, respectfully moves this Court for an Order granting summary judgment in their favor on all claims brought by plaintiff. As grounds for this Motion, the defendant states that Plaintiff fails to state a claim upon which relief can be granted.

A Memorandum of Points and Authorities and a proposed Order are attached hereto. Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7 (m).

Respectfully Submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation, Section II

____/s/Toni Michelle Jackson___
TONI M. JACKSON (453765)

1

Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
E-Mail: toni.jackson@dc.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2007, I electronically filed the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, and simultaneously mailed a copy, first-class, postage prepaid to:

James Tyler, *Pro Se*
7818 Allendale Drive
Hyattsville, MD 20785

/s/ Toni Michelle Jackson
ASSISTANT ATTORNEY GENERAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAMES H. TYLER,

    Plaintiff,

            Case No. 06-01733 (JR)

  v.

DISTRICT OF COLUMBIA,

    Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. STATEMENT OF FACTS

On October 6, 2006, plaintiff filed his *pro se* Complaint against the D.C. Department of Consumer and Regulatory Affairs ("DCRA"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et. seq.,* ("Title VII") and the Age Discrimination in Employment Act of 1967, 19 U.S.C. §621 ("ADEA"). *See* Complaint, *et. seq.* Specifically, plaintiff alleges that DCRA engaged in intentional and willful discrimination when it destroyed private property located at 1343 Randolph Street, NW, Washington, D.C. on or about October 5, 2005. *Id.* at pp. 1-2.

Plaintiff seeks $500,000,000 in damages, asks that the Court vacate all fines and liens against the Randolph Street address, and asks that DCRA reimburse him for his filings fees. The District of Columbia denies each of these allegations, and moves for summary judgment based on the arguments set forth below.

On March 28, 2007, the District filed a Motion to Dismiss Plaintiff's Complaint, alleging that plaintiff had failed to state a claim, had not effectuated proper service, and that DCRA was non sui juris. On April 2, 2007, the Court denied in part, and granted in part

3

defendant's Motion.  Specifically, the Court granted the Motion with respect to DCRA being non sui juris, and denied the motion on all other grounds.

On April 10, 2007, the District answered plaintiff's Complaint, and served the plaintiff with Interrogatories and Document Requests. (*See* Exh. A, attached hereto.). In his responses to interrogatories, plaintiff indicates that his "claim is not employment discrimination." (*Id.*, at p. 2.).

## II.  ARGUMENT

Summary judgment should be granted if "there is no genuine issue as to any material fact and  . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A moving party is 'entitled to judgment as a matter of law' against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Waterhouse v. District of Columbia, 298 F.3d 989, 992 (D.C. Cir. 2002), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Applying this standard, this Court should grant the District of Columbia summary judgment because plaintiff's evidence cannot establish discrimination.

## PLAINTIFF FAILS TO STATE A CLAIM

There are no allegations to support a claim of race or age discrimination in plaintiff's Complaint, or in his responses to the District's Discovery Requests.  To state an actionable claim, the plaintiff must demonstrate that his claim is capable of satisfying his *prima facie* burden under Title VII and ADEA.  Plaintiff cannot meet this burden.

Courts analyzing Title VII cases often employ one of two burden-shifting schemes.[1] While the burden-shifting elements differ in some respects, both approaches require the plaintiff to prove that he suffered an adverse employment action.  Without such a factual claim, his case is without merit and must be dismissed.  *Raymond v. U.S. Capitol Police Board*, 157 F. Supp. 2d 50, 56 (D.D.C. 2001); *see also Price Waterhouse*, 490 U.S. at 239-41; *McDonnell-Douglas*, 411 U.S. at 802.

While District of Columbia courts have recognized that "an employee need not be fired, demoted or transferred to make out a case of retaliation," *Raymond*, 157 F. Supp. 2d at 56 (quoting *Gary v. WMATA*, 886 F. Supp. 78, 90 (D.D.C. 1995)), they also have held that "[a]n adverse action is not actionable under Title VII, however, *unless there is a tangible change in responsibilities or working conditions that constitutes a material employment disadvantage*."  *Raymond*, 157 F. Supp. 2d at 56 (emphasis added); *see Bunyon v. Henderson*, 206 F. Supp. 2d 28, 30-31 (D.D.C. 2002).  The harm suffered cannot be subjective, but "must constitute an 'objectively tangible harm.'  In short, 'the actions must engender some negative consequences with respect to the plaintiff's employment."  *Bunyon*, 206 F. Supp. 2d at 30 (internal citations omitted).

Here, even making all inferences in favor of the plaintiff, he will not be able to show that he suffered such a "final" or "ultimate" employment action.  Indeed, plaintiff has failed to establish that he is or was ever employed by the District of Columbia.  In his Complaint, plaintiff alleges that DCRA engaged in intentional and willful discrimination when it

---

[1] A plaintiff alleging disparate treatment under Title VII can allege that her employer unlawfully was motivated by her gender in applying an adverse employment action, generally known as a "mixed-motives" argument. *See Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).  Alternatively, she can argue that her employer's reasons for applying an adverse employment action were fabricated to hide an unlawful motivation, generally known as a "pretext" argument.  *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Plaintiffs often employ both arguments.

destroyed private property located at 1343 Randolph Street, NW, Washington, D.C. on or about October 5, 2005. *(See* Complaint, at pp. 1-2.). Here, the very nature of the plaintiff's allegations eliminate any chance that he can recover on his discrimination claims. In his responses to interrogatories, plaintiff indicates that his "claim is not employment discrimination." (*Id.*, at p. 2.). The plaintiff's claims should be dismissed in their entirety.[2]

## IV. CONCLUSION

Plaintiff has established any facts or evidence to support his claim of employment discrimination under Title VII or the ADEA. Based upon the evidence in the record, and as a matter of law, there are no facts to sustain a finding that plaintiff was discriminated against by DCRA because of his race or age. Furthermore, plaintiff has not sustained an adverse employment action. As a result, defendant is entitled to summary judgment in this matter.

Dated: July 12, 2007.                      Respectfully submitted,

                                           LINDA SINGER
                                           Attorney General

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division

                                           _____/s/Nicole L. Lynch_____
                                           NICOLE L. LYNCH (471953)
                                           Chief, General Litigation Section II

                                           _____/s/ Toni Michelle Jackson_____
                                           TONI MICHELLE JACKSON (453765)

---

[2] Even the most liberal reading of plaintiff's pro se Complaint does not establish any basis for a federal cause of action. In addition, the mere fact that the District is a party to this lawsuit does not create diversity jurisdiction pursuant to 28 U.S.C. §1332, even though plaintiff is a resident of Maryland. Therefore, this Court does not have pendant jurisdiction of this case as there is also no basis to file this claim in federal court. *See Johnson v. Greater Southeast Community Hospital Corp.*, 903 F. Supp. 140 (D.D.C. 1995) (holding a decision to grant summary judgment as to the defendants' request for dismissal of federal claims stripped the court of pendant jurisdiction.).

Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAMES H. TYLER,

        Plaintiff,

      v.                    Case No. 06-01733 (JR)

DISTRICT OF COLUMBIA,

        Defendant.

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On October 6, 2006, plaintiff filed his *pro se* Complaint against DCRA, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et. seq.,* ("Title VII") and the Age Discrimination in Employment Act of 1967, 19 U.S.C. §621 ("ADEA"). *See* Complaint, *et. seq.*

2. Specifically, plaintiff alleges that DCRA engaged in intentional and willful discrimination when it destroyed private property located at 1343 Randolph Street, NW, Washington, D.C. on or about October 5, 2005. *Id.* at pp. 1-2.

3. Plaintiff seeks $500,000,000 as and for damages, asks that the Court vacate all fines and liens against the Randolph Street address, and asks that DCRA reimburse him for his filings fees.

4. On March 28, 2007, the District filed a Motion to Dismiss Plaintiff's Complaint, alleging that plaintiff had failed to state a claim, had not effectuated proper service, and that DCRA was non sui juris.

5. On April 2, 2007, the Court denied in part, and granted in part defendant's Motion. Specifically, the Court granted the Motion with respect to DCRA being *non sui juris*, and denied the motion on all other grounds.

8

6. On April 10, 2007, the District answered plaintiff's Complaint, and served the plaintiff with Interrogatories and Document Requests. (*See* Exh. A, attached hereto.).

7. In plaintiff's responses to interrogatories, he indicated that his "claim is not employment discrimination." (*Id.*, at p. 2.).

Dated: July 12, 2007.                         Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAMES H. TYLER,

               Plaintiff,

       v.

DISTRICT OF COLUMBIA,

              Defendant.

Case No. 06-01733 (JR)

## ORDER

Upon consideration of the Defendant's Motion for Summary Judgment, Memorandum of Points and Authorities, Statement of Undisputed Facts, any opposition thereto and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:  that the Motion for Summary Judgment is GRANTED; and it is

FURTHER ORDERED: that Plaintiff's Complaint is HEREBY DISMISSED.

_____
JUDGE JAMES ROBERTSON

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


JAMES H. TYLER,
     PLAINTIFF,

     V.

                              C.A. NO: 06-001733(JR)

DISTRICT OF COLUMBIA,
     DEFENDANT.


                    PLAINTIFF'S ANWER TO INTERROGATORIES

(1) Plaintiff's name is James Tyler, 578/52/5406.

(2) Neighbors witness this destruction and defendant were discriminatory
because my property was the only property that was detroyed.

(3) There are no experts.

(4) This incident of discrimination took place in the first or second week
of October 2005, destruction took place on my property 1343 Randolph st. n.w.
I was devastated  and confused.I called the police immedaately after that
discovery that police officergave some numbers to call which turn out to be
bogus and did not write or took a report. The next day the police was called
again and that offiver took a report.

(5) Receiving a notice of a fine and a lien from the Distict OF Columbia
REgatory affairs charginging with having trash and weeds on my property. The
spperviser names unknown at the D.C.R.A. admitted going on my property to abate.

(6) The injuries are undesribable.

(7) I consulted with no doctor nor did I had professionAl help due to this
horrcrable exprience . I could not afford the expense.

(8) I received no treatment at a clinic, hospital, or a nursing home due to this
jury.

(9) I have not recovered from this injury. I feel sick, unhappy and miserable.

(10) This injury will last forever, there is no release and probabily never will be.

(11) This pain is on going, it has not ceased.

(12) No itemized list of all my monetary losses.

(13) No claims.

(14) None.

(15) None.

(16) None.

(17) Defendant has knowledge of fact material to this case. Defendant admitted
this fact- the words  used was abatment.

This D fendant can not justify detroying my property looking for trasts and weeds.


<u>JURISDICTION</u>

This court indicated at the status hearigg on the 16th day of may 2007 that
it was beleived that this federal court do not have jurisdiction in this matter.
The plaintiff beleive that this court have jurisdiction in this matter because
my porperty is in a federal city, ~~sogress~~ <sup>US Congress</sup> have a lot to say in the city and that
I was temperary residing in the stat of Maryland.


The national laws- The Gonstitution of these United States that will suport
my claim is not employment discrimination, it is clearly I think that my Civil
right were violated. This Defendant detroyed my property with out justification.

<u>PRODUCTION OF DOCUMENTS</u>

(1) A fine and lien statement from (DCRA).

(2) A notice in writing from a city council menber whom Ixpax requested help in
locating the District Of Columbia Agency who was responsible for this detruction
of my property. All city council menbers were serve with my request including the
Mayor Anthorney William. Only one Menber responded.

(3) Pictures that I took serval months later after this detruction of property.

(4) A administrative hearing packet.

<u>CERTIFICATE OF SERVICE</u>
Ihereby certify that a copy of response will be sent to the defendants on or
before the 30th day of May 2007.

## INCOMING MAIL

**TO:  Toni Jackson**

**FROM:  James Tyler**

**DATE:  5/29/07**

**TIME:  2:00pm**

 **GOVERNMENT OF THE DISTRICT OF COLUMBIA**

## DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
### HOUSING REGULATION ADMINISTRATION
### NEIGHBORHOOD STABILIZATION PROGRAM
POST OFFICE BOX NUMBER 37200  WASHINGTON, D.C.  20013-7200
### HOUSING VIOLATION SUMMARY ABATEMENT NOTICE

*12*

Notice #:  73335-7                                          Date: Wednesday, August 03, 2005

Order for the correction of condition at            1343 RANDOLPH ST. N.W.

Ward: 4            Square: 2824            Lot:    0820            Cluster:  18

TO: JAMES TYLER

   1343 RANDOLPH ST. N.W.

   WASHINGTON D.C. 20011

NOTICE:  A recent inspection of the premises listed was made by a representative of this Division in conformance with the District of Columbia Municipal Regulations—Title 14.  This notice is to inform you that the items indicated are in violation of existing laws and regulations.  Accordingly, you are hereby ordered to correct these violations within the time specified below.  If you fail to correct the violations in the time specified, the DCRA Civil Infractions Act of 1985 allows the Department of Consumer and Regulatory Affairs to impose fines for violations like the ones described herewith.  Other laws allow for criminal prosecution as an alternative.

Housing Business License:     Lic. No.: _____            Cust. No.: _____

Corporation Name: _____            Billing Name: _____

Trade Name: _____            Billing Address: _____

D.C. Resident Agent: _____            Agent's Address: _____

Certificate of Occupancy:

Registrant's Name: _____    Date of Registration: _____    C of O No: _____

**NOTICE:  The failure to abate any of the violations cited in this notice within the timeframe provided for abatement in the "Completion Time Limit Column" will result in the imposition of a re-inspection fee of $90.00.**

### IMPORTANT: See Last Page for Instructions

| Violation | Sequence Number | OADJ | DCMR14 | Description | Completion Time Limit from Date of Service | Amount of Fine |
|---|---|---|---|---|---|---|
| ☐ | 1 | 002 | 800.13 | An accumulation of trash on any premises for more than seven (7) calendar days shall constitute an unsanitary and unhealthy condition. Location: | 7 days | $500.00 |
| ☑ | 2 | 003 | 800.10 | Excessive vegetative growth, that exceeds ten (10) inches in height including but not limited to, kudzu, poison ivy, plants with obnoxious odors, weeds, grasses causing hay fever, and any weed growth that creates a breeding place for mosquitoes, for a period of more than seven (7) calendar days is prohibited. Location: FRONT YARD | · 7 days | $100.00 |
| ☑ | | | 800.17  800.18[c] | (IF THE OWNER OF ANY PREMISES IS ISSUED A NOTICE OF VIOLATION BUT FAILS TO COMPLY WITH THE NOTICE OF VIOLATION, AND ANOTHER NOTICE IS ISSUED FOR THE SAME CONDITION DURING THE SAME GROWING SEASON, THE DISTRICT MAY SUMMARILY ABATE THE NUISANCE.) THE COSTS FOR SUCH ABATEMENT SHALL BE ASSESSED AGAINST THE OWNER OF THE PROPERTY. | | |

_____
Responsible Party Signature

_____
(Print Name) Responsible Party

Relationship to Resp. Person: _____

Date: _____  Time: _____
     Kevin Jackson
Notice Served By: _____

By Order of the Director of the Department of Consumer and Regulatory Affairs

_____ 202-442-4399        54
Inspector's Signature    Telephone No.    Badge No.

    Kevin Jackson
(Print Name) Housing Inspector

Inspection Date:    8/03/05        Time:    10:50 AM

Reinspection Date:  8/24/05        Time:  11:23 A

Page 1 of 2



**UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm



### Search Results

Label/Receipt Number: 7001 2510 0008 3916 3239
**Status: Delivered**

Your item was delivered at 2:25 pm on August 13, 2005 in
WASHINGTON, DC 20011.

( Additional Details > )    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

---

## Notification Options

### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.    ( Go > )

---



POSTAL INSPECTORS    site map    contact us    government services    jobs    National & Premier Accounts
Preserving the Trust                Copyright© 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy.

8/3/05   1343 Randolph St. N.W.
10:50am   Front Yard

Excessive Vegetative growth

Kevin Joehn

3







8/4/05    1343 Randolph St. N.W.



2

LEFT copy of Notice At PREMISES

1343 Randolph St. n.w.

Front yard

Excessive vegetative growth

*[signature]*

8/26/05

11:23 Am

1













# JIM GRAHAM
## COUNCILMEMBER, WARD ONE
## COUNCIL OF THE DISTRICT OF COLUMBIA
## WASHINGTON, D.C. 20004



1350 Pennsylvania Avenue, N.W.,
Suite 105
Washington, D.C. 20004

202-724-8181
202-724-8109 fax

jgraham@dccouncil.us
jim@grahamwone.com
www.grahamwone.com

Chairperson
Committee on
Consumer and Regulatory Affairs

Voting Member
Board of Directors, Washington
Metropolitan Area Transit Authority

December 14, 2005

James H. Tyler
1343 Randolph Street, N.W.
Washington, D.C. 20011

Dear Mr. Tyler:

Thanks for your letter and for your concerns.  I am with this letter asking your D.C. Council representative, Councilmember Adrian Fenty, for his response.

Sincerely,

cc: Councilmember Adrian Fenty
JG/eb

Retn to CM Jenty

JAMES H. TYLER
2343 Randolph St. N.W.
Washington, D.C. 20011

FILED
DEC 12 PM 1: 51

12 - 12 - 05

*Council member Jim Graham*
*Washington D.C.        /05*

### DESTRUCTION AND DETROYING OF PRIVATE PROPERTY

Dear *Sir.*

The week before the 17 of October 2005 I discovered that trees, several
rose bushes, and shrubberies were cut down on my property. I learn that
this city government ( Washington D.C. was responsible f or this destruction
and destroying of my property. I call several offices within this city
government for answers-they all denied this unlawfull act.


I am asking your office to assist me in revealing the truth in this matter.


A written response will be appreciative. Thank you James Tyler

Doc# : 2006096475
Page 1 of 1
Date: 07/18/2006    11:33AM
Filed & Recorded in
Official Records of
WASH DC RECORDER OF DEEDS
LARRY TODD
RECORDER OF DEEDS
Doc Type: LIEN
    RECORDING                    $
    SURCHARGE                    $



Government of the District of Columbia
Department of Public Works
Solid Waste Management Administration

3220 Pennsylvania Ave. SE
Washington, D.C. 20020

## LITTER CONTROL ADMINISTRATION ACT LIEN

DISTRICT OF COLUMBIA

vs.

JAMES H. TYLER ET AL

DATE: 7/18/2006

SQUARE: 2824 SUFFIX: LOT: 0820

Ticket #: PW-V-04-15438

Assessed Amount: $140.00

This Lien is filed under the authority of and pursuant to D.C. Official Code § 8-807(f)(1). The District of Columbia shall have a continuing and perpetual lien for the amount stated against the property shown above and all property, whether real or personal, belonging to the person(s) named above. This lien shall have the same force and effect as a lien created by judgment and shall attach to all property belonging to the person(s) named above at any time during the period of the lien, including any property acquired by the person(s) named above after the lien arises.

Interest shall accrue on the amount listed above as provided in D.C. Official Code § 8-807(h). This lien remains in force and effect until all amounts set forth above, together with interest thereon, shall be paid. **To satisfy this lien contact the Office of Administrative Hearings at 202-442-9094.**

By: *Thomas M. Henderson*

Thomas Henderson, Administrator
Solid Waste Management Administration

*Councilmember*
*Adrian Fenty*
*406*

JAMES H. TYLER
8343 Randolph St. N.W.
Washington, D.C. 20011

*12-12-05*

## DESTRUCTION AND DETROYING OF PRIVATE PROPERTY

Dear *Sir*

The week before the 17 of October 2005 I discoveredthat trees, several rose bushes, and shrubberies were cut down on my property. I learn that this city government ( Washington D.C. was responsible for this destruction and destroying of my property. I call several offices within this city government for answers-they all denied this unlawfull act.

I am asking your office to assist me in revealing the truth in this matter.

A written response will be appreciative. Thank you James Tyler

10-7-05 KING
1343 Randolph St NW
Front Belize



KING
1343 Randolph St NW
Front Belize



Before 1343 Randolph St NW

KWC
10-4-05

Front



Front
Before 1343 Randolph st NW

10-4-05
KING



Front
Before 1343 Randolph st NW

10-4-05
KING