**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES H. TYLER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-1733 (JR) |
| | : |
| DISTRICT OF COLUMBIA, | : |
| | : |
| Defendant. | : |

## ORDER

The District's motion to dismiss for failure to state a claim and for insufficient service of process [10] borders on the frivolous and will be **denied**:

As for service of process, <u>Eldridge v. District of Columbia</u>, 866 A.2d 786 (D.C. 2004), permits but does not require dismissal if the Post Office puts a service package into the wrong hands. In that case, the Court of Appeals noted that the plaintiff had been advised of the inadequate service and had failed to correct it; in this case, plaintiff (who appears pro se) has already been sent once around Robin Hood's barn and has provided adequate proof that somebody signed for his service package in each of the three offices he was advised to serve. The District obviously has notice of the suit. To dismiss this suit for insufficient service of process would only encourage District offices to have their mail signed for by "unauthorized persons."

As for failure to state a claim, the District cites cases from the Fifth, Sixth, Seventh and Ninth Circuits for the proposition that plaintiff has not "alleged facts supporting every element of his prima facie claim" or "suggested a causal relationship between his race and the adverse action he claims," somehow overlooking the law in <u>this</u> Circuit, that "'I was turned down for a job because of my race' is all a complaint has to say" to survive a motion to dismiss under Rule 12(b)(6).  <u>Sparrow v. United Air Lines</u>, 216 F.3d 1111, 1116 (D.C. Cir. 2004).

This plaintiff may well have no viable claim at all -- that result even appears likely from the pleadings on file -- but running him to the sidelines with procedural razzle dazzle is not in the interest of the "just, speedy, and inexpensive" determination that is endorsed by F.R.Civ.P. 1.  The District should file an answer (time to prepare: 30 minutes), file a simple set of interrogatories (leave to file granted; time to prepare: 60 minutes), and, depending on the answers received, <u>then</u> move to dismiss or for summary judgment.

The motion to dismiss DCRA as <u>non sui juris</u> [10] is **granted**.  The case will proceed against the District of Columbia.

It is **SO ORDERED**.

                                          JAMES ROBERTSON
                                  United States District Judge