IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES H. TYLER,
      PLAINTIFF,
  V.
DISTRICT OF COLUMBIA,        CASE NO. 06=01733 (JR)
      DEFENDANT.

OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT

    Plaintiff's opposition to motion for summary judgement, and states as follows:

    There genuine issues of material fact, contrary to defendant's assertion that yhere are none.

  2. To prevail om a motion for summary judgement, a party must demonsyrate that there is no genuine issue of material fact and that it is entitled to judgement as a matter of law. NADER V. DETOLEDANO, 408 A.2d31, 41 (D.C. 1979); Super. Ct. Civ. R. 56(c). The moving party carries the bueden of proving that no genuine issue of fact is in dispute. The pleadings, depositions and affidavits admitted in support of the motion must be viewed in the light most favorable to the non- moving party. Nader at 42. once the movant has made an initial showing that there is no genuine issue of materail fact, the non- moving party then has the burden to show that an issue does exist. Id.; O"DONNELL V. ASSOCIATED GEN. CONTRACTORS OF AM.,645 A.2d 1084, 1086 (D.C.1994).

  3. In the instant cas, Plaintiff and defendant are diametrically opposed on their theory of the case and therefore diametrically opposed on the facts which in turn translates into there being genuine issue of material fact in dispute.

  4. Plaintiff's complaint was inadvertently title a discrimination complaint when in fact it is actually a complaint for tresspass and willful destruction on private property.



RECEIVED
OCT 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. Plaintiff's answer and discovery requests have made substantive denials to defendant's allegations as well as to defendant's basic assertions concerning the underlying fact s in this matter. thus, several, if not virtually all, of the fact at issue in this matter are disputed as between the parties, thereby not making the instant case appropriate for summary judgement. Wherefore, the premises considered, Plaintiff prays that the court deny the motion for summary judgement.

6. Plaintiff claim Civil Rights Violation and distruction of private property.

7. Defendant alleging that Plaintiff failed to effectuate proper service. the evidends posted in this court will prove that defendant was properly served

8. Defendant stated DCRA was non-sui juris is no excuse for their action. This defendant act of destruction was willfull, intentional, delivered and direct.

9. Defendant has not disputed their destruction of private property.

10. The requirement of Rule 26(a) (1), F.R. Civ. P., for initial disclosure of information are applicable in all cases except for cases exemped by order of the court and in the following categories of proceedings: Defendant refused the P Plaintiff's request for the pictures and documents. This court order the Defendant at the status hearing on 5-16-07 to turn over the requested documents and pictures. Defendant was given thirty days to do so Defendant never complyed with the court order.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Nader v. De'Toledano, 408 A.2d (D.C. 179).

2. O'DONNELL v. Associated Gen. Contractors Of AM., 645 A.2d 1084(D.C. 1994).

3. Rule 26(a)(1), F.R.Civ.P.,

4. Superior Court Civil Rule 56.

%. The record herein.

James H. Tyler

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing reply was mailed, postage prepaid to Defendant: DISTRICT OF COLUMBIA, THIS 24 DAY OF October, 2007 A Two copies was left with the clerk for chambers.