**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES H. TYLER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF CONSUMER AND<br>REGULATORY AFFAIRS AND<br>HOUSING REGULATION<br>ADMINISTRATION,<br><br>　　　　　　Defendant. | Case No. 06-01733 (JR) |

**DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION**

Defendant District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), by and through undersigned counsel, respectfully requests that this Court enter an Order granting summary judgment on all claims brought by plaintiff pursuant to Fed. R. Civ. P. 56.

**I.　BACKGROUND**

For purposes of the defendant's Motion for Summary Judgment, the following facts are undisputed:[1]

1. On October 6, 2006, plaintiff filed his *pro se* Complaint against DCRA, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et. seq.,* ("Title VII") and the Age Discrimination in Employment Act of 1967, 19 U.S.C. §621 ("ADEA"). *See* Complaint, *et. seq*.

---

[1] Defendants' will address the Rule 7(h) argument in Section II (A).

2. Specifically, plaintiff alleges that DCRA engaged in intentional and willful discrimination when it destroyed private property, specifically his rose bushes and other shrubs, located at 1343 Randolph Street, NW, Washington, D.C. on or about October 5, 2005. *Id.* at pp. 1-2.

3. Plaintiff seeks $500,000,000 in damages, asks that the Court vacate all fines and liens against the Randolph Street address, and asks that DCRA reimburse him for his filings fees.

4. On March 28, 2007, the District filed a Motion to Dismiss Plaintiff's Complaint, alleging that plaintiff had failed to state a claim, had not effectuated proper service, and that DCRA was non sui juris.

5. On April 2, 2007, the Court denied in part, and granted in part defendant's Motion. Specifically, the Court granted the Motion with respect to DCRA being *non sui juris*, and denied the motion on all other grounds.

6. On April 10, 2007, the District answered plaintiff's Complaint, and served the plaintiff with Interrogatories and Document Requests. (*See* Exh. A, attached hereto.).

7. In plaintiff's responses to interrogatories, he indicated that his "claim is not employment discrimination." (*Id.*, at p. 2.).

II.  **ARGUMENT**

Plaintiff's Opposition Brief does not comply with LCvR 7(h). Therefore, defendant's Statement of Undisputed Material Facts should be admitted in its entirety. Second, plaintiff's arguments to the contrary, he has failed to state an actionable claim. Accordingly, plaintiff's claims against the defendant should be dismissed in their entirety.

### A.   PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7(H)

Plaintiff has failed to comply with the provisions of LCvR7 (h). In *Moore v. Ashcroft*, the court examined the applicability of Rule 7(h) to summary judgment motions. *Moore v. Ashcroft*, 401 F.Supp.2d 1 (D.C. 2005). The court began "its discussion of the facts by noting that this Court strictly adheres to the text of Local Civil Rule 56.1 (identical to Local Civil Rule 7(h) (formerly Rule 7.1(h)). The local rules for summary judgment "assist[] the district court to maintain docket control and to decide motions for summary judgment efficiently and effectively." *Id.; see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 322 U.S. App. D.C. 35, 101 F.3d 145, 150 (D.C. Cir. 1996).

The *Moore* court reasoned that "strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. . . . The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Id.* (quoting *Gardels v. CIA*, 205 U.S. App. D.C. 224, 637 F.2d 770, 773 (D.C. Cir. 1980). Further, the court stated that "a district court should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [its] own analysis and determination of what may, or may not, be a genuine issue of material fact. *Id.* (quoting *Twist v. Meese*, 272 U.S. App. D.C. 204, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).

As such, in resolving defendant's summary judgment motion, this Court should find "that facts identified by the *moving party* in the statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.'" LCvR 56.1; 7(h) (emphasis added). Based on the foregoing, defendant's

3

Statement of Undisputed Material Facts, as set forth in Section I, should be admitted in its entirety.

### B.  PLAINTIFF'S CLAIMS OF RACE AND AGE DISCRIMINATION MUST FAIL

In his Opposition Brief, plaintiff states that his claims are for "Civil Rights Violation and distruction (sic) of private property." *See* Pl. Opp. at 2.  Plaintiff's claims, however, must fail for the reasons set forth in the motion for summary judgment.  Specifically, the record shows that there are no allegations to support a claim of race or age discrimination in plaintiff's Complaint, or in his responses to the District's Discovery Requests.  To state an actionable claim, the plaintiff must demonstrate that his claim is capable of satisfying his *prima facie* burden under Title VII and ADEA.  Plaintiff has not met this burden.  Further, plaintiff has no evidence that he was employed by the District, and therefore, these statutes do not apply in this case.  Based on the foregoing, plaintiff has not established that he was the victim of race or age discrimination.

### III. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Defendant's original Motion for Summary Judgment, the defendant hereby moves this Honorable Court to enter summary judgment in favor of defendant on all claims.

    Respectfully Submitted,

    LINDA SINGER
    Attorney General, District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Lit. Div.

    _____/s/Nicole Lynch_____
    NICOLE L. LYNCH [471953]
    Section Chief, General Litigation, Section II

/s/Toni Michelle Jackson
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
E-Mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2007, I electronically filed the foregoing **DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DISMISS THE COMPLAINT** with the Clerk of the Court using the CM/ECF system, and simultaneously mailed a copy, first-class, postage prepaid to:

James Tyler, *Pro Se*
7818 Allendale Drive
Hyattsville, MD 20785

/s/ Toni Michelle Jackson
ASSISTANT ATTORNEY GENERAL